UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JUANITA SCOTT, | CIVIL ACTION |
|     Appellant | NO. CV 08-0492 |
| VERSUS | |
| MICHAEL J. ASTRUE, COMMISSIONER | JUDGE DEE D. DRELL |
| OF SOCIAL SECURITY, | MAGISTRATE JUDGE JAMES D. KIRK |
|     Appellee | |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Juanita Scott ("Scott") protectively filed an application for Supplemental Security Income Benefits ("SSI") on February 2, 2005 (R. 49-52). She alleged a disability onset date of September November 1, 1998 due to a combination of severe physical and mental impairments including diabetes mellitus, degenerative joint disease of the knees, obesity, peripheral neuropathy, a depressive disorder and post traumatic stress disorder. Her application was denied on September 7, 2005 .

Scott requested a hearing on November 9, 2005 and a hearing was held before Administrative Law Judge Neil White ("ALJ") on October 25, 2006. Scott, who was not represented by counsel at the time appeared at the hearing, and a vocational expert, Beverly M. Prestonback, appeared at the hearing (R. 13-22). The ALJ found that despite Scott's severe impairments of diabetes mellitus, degenerative joint disease and affective disorder she could perform past relevant work as a cashier/clerk and telemarketer. Therefore, she did not meet the definition of disabled as set forth in the

Social Security Act (R. 19,21).

Scott requested a review of the ALJ's unfavorable decision, but the Appeal's Council declined review. Accordingly, the decision became the final decision of the Commissioner of Social Security (R. 4-6). Scott then filed an appeal for judicial review of the Commissioner's decision and a brief in support thereof (Doc. Item 8). In her brief, Scott raised the following issue:

> The ALJ erred in failing to properly consider ALL of Ms. Scott's medically determinable impairments, including her OBESITY and diabetic peripheral neuropathy, resulting in a residual functional assessment that was unsupported by the totality of the evidence. This in turn resulted in an improper finding that Ms. Scott was not disabled at Step 4.

The Commissioner then filed an *unopposed* motion for a fourth sentence remand (Doc. Item 9), seeking a judgment reversing the Commissioner's decision and remanding the case in order for the ALJ to conduct an additional administrative proceeding to determine whether Scott has past relevant work which she can perform, and, if necessary, proceed to step 5 of the sequential process and obtain supplemental vocational expert testimony.

## Fourth Sentence Remand

In <u>Shalala v. Shaefer</u>, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> [4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause

2

for a rehearing.

> [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629. Also, Istre v. Apfel, 208 F.2d 517 (5th Cir. 2000).

A sentence four remand must "end the instant action" with a final judgment which affirms, modifies or reverses the final decision of the Commissioner. Shaefer, 509 U.S. at 297-298, 113 S.Ct. at 2629; Istre, 208 F.3d at 519.

In the case at bar, the Commissioner requests a fourth sentence remand (Doc. Item 9), stating in both the brief and the proposed judgment that the matter should be reversed and remanded to the Commissioner of Social Security for the purpose of conducting further administrative proceedings. Specifically, proceedings which will allow the ALJ to determine whether Scott has past relevant work she can perform, and, if warranted, obtain supplemental vocational expert testimony. Thus, in response to

3

Scott's appeal, the Commissioner admits his original decision is not supported by substantial evidence and agrees to a reversal of the decision and a remand for further proceedings.

Since, by admission of the Commissioner, substantial evidence does not support the conclusions of the ALJ and the Appeals Council, their decision is incorrect as a matter of law and should be reversed and vacated. Pursuant to the Commissioner's unopposed motion, Scott's case should be remanded to the Commissioner, pursuant to the fourth sentence of Section 405(g), for further proceedings.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Commissioner's decision be REVERSED AND VACATED pursuant to the fourth sentence of Section 405(g), and the case be REMANDED for further proceedings as set forth above.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

4

**WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 12 day of November, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE